United States District Court
Southern District of Texas
**ENTERED**
December 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IN RE: CHAPTER 13 PLAN § <br> ADMINISTRATION IN THE § <br> BROWNSVILLE, CORPUS CHRISTI, § <br> AND MCALLEN DIVISIONS § <br> § <br> § <br> CINDY BOUDLOCHE, § <br> CHAPTER 13 TRUSTEE, § <br> Appellant § | CIVIL ACTION NO. 7:16-CV-292 <br> Consolidated with <br> CIVIL ACTION NO. 7:16-CV-309 |

### ORDER CONSOLIDATING ACTIONS, STAYING PORTION OF MAY 6, 2016 ORDER, AND STAYING BRIEFING SCHEDULE

Now before the Court are two related civil actions initiated by Appellant Cindy Boudloche, Chapter 13 Standing Trustee for the Brownsville, Corpus Christi, and McAllen Divisions ("Corpus Christi Divisions") of the U.S. Bankruptcy Court, Southern District of Texas, both arising out of an Order entered on May 6, 2016 by Chief U.S. Bankruptcy Judge David R. Jones ("Bankruptcy Court") in Bankruptcy Miscellaneous Case No. 15-00701. Civil Action No. 16cv292 is Boudloche's interlocutory appeal of the May 6, 2016 Order, and Civil Action No. 16cv309 consists of: (1) Boudloche's interlocutory appeal of three separate Orders of the Bankruptcy Court entered on May 25, 2016, in which that Court (a) denied Boudloche's Emergency Motion for Leave to File Interlocutory Appeal of the May 6, 2016 Order; (b) denied Boudloche's Emergency Request for Certification for Direct Appeal to the Fifth Circuit Court of Appeals of the May 6, 2016 Order; and (c) denied Boudloche's Emergency Motion for Stay of the May 6, 2016 Order Pending Appeal, except to the extent that the May 6, 2016 Order required Boudloche "to repay [to debtors] any amounts wrongfully paid that are not recovered [from

creditors] within 60 days";[1] (2) Boudloche's Petition for Writ of Mandamus filed on June 16, 2016, asking this Court to order the Bankruptcy Court to vacate its Orders on the Emergency Motions and grant the relief requested therein; and (3) Boudloche's Request for Certification for Direct Appeal to the Fifth Circuit Court of Appeals of the May 6, 2016 Order filed directly in this Court on June 28, 2016, and incorporating discussion of the Bankruptcy Court's Orders on the Emergency Motions. 16cv292 at (Dkt. No. 1); 16cv309 at (Dkt. Nos. 1, 2, 4). Civil Action Nos. 16cv292 and 16cv309 were reassigned to this Court on August 3, 2016 and August 9, 2016, respectively, and the Court held its first status conference in both cases on September 19, 2016. 16cv292 at (Dkt. No 11, 09/19/2016 Minute Entry); 16cv309 at (Dkt. No. 9, 09/19/2016 Minute Entry).

Distilled to their essence, these actions concern: (1) Boudloche's challenge to the Bankruptcy Court's findings that retired U.S. Bankruptcy Judge Richard Schmidt and Boudloche administered Chapter 13 Plans in the Corpus Christi Divisions in a manner inconsistent with the terms of paragraph 1 of the Chapter 13 Uniform Plan for the Southern District of Texas, and to the Court's formulation of a remedy exposing Boudloche to personal liability; and (2) Boudloche's right to challenge the Bankruptcy Court's findings and remedy on appeal. The Court finds that the actions involve common questions of law and fact, and hereby **ORDERS** that the actions are **CONSOLIDATED** into the first-filed cause. *See* FED. R. CIV. P. 42(a)(2).

Upon consideration of the entirety of the record in both cases, and for the reasons stated at the September 19, 2016 status conference, the Court further **ORDERS** that the portion of the May 6, 2016 Order requiring the Chapter 13 Trustee to include in the Notice of Plan Completion language advising of the Trustee's failure to administer the Plan in accordance with its terms,

---

[1] This portion of the May 6, 2016 Order was "stayed pending further proceedings once the amount at issue is known." 16cv309 at (Dkt. No. 1, Exh. C).

and advising of the opportunity to assert a claim against the Trustee for such failure, is **STAYED** pending further order of this Court.[2]

The Court further **ORDERS** that the briefing schedule set by the Notice of Docketing of Appeal in Civil Action No. 16cv309 is **STAYED** pending further order of this Court. 16cv309 at (Dkt. No. 14).

SO ORDERED this 23rd day of December, 2016, at McAllen, Texas.

_____
Randy Crane
United States District Judge

---

[2] The stayed language provides in full:

> In this case, the chapter 13 trustee failed to administer the debtor(s)' plan in accordance with its terms. This failure may have resulted in a distribution to unsecured creditors that is less than what would have been received had the chapter 13 trustee properly administered the plan in accordance with its terms. If you object to the granting of a discharge or wish to assert a claim against the chapter 13 trustee, you must file a written pleading in this bankruptcy case specifically setting forth your objection or claim within 21 days of the date of this notice or any such objection or claim is forever waived.

16cv292 at (Dkt. No. 1, Exh. A at p. 9).