United States District Court
Southern District of Texas
**ENTERED**
January 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IN RE: CHAPTER 13 PLAN ADMINISTRATION IN THE BROWNSVILLE, CORPUS CHRISTI, AND MCALLEN DIVISIONS § § § § § § CINDY BOUDLOCHE, § CHAPTER 13 TRUSTEE, § Appellant § | CIVIL ACTION NO. 7:16-CV-292 Consolidated with CIVIL ACTION NO. 7:16-CV-309 |

### ORDER GRANTING CERTIFICATION OF DIRECT APPEAL OF BANKRUPTCY COURT'S MAY 6, 2016 ORDER TO FIFTH CIRCUIT COURT OF APPEALS

**I.    Introduction**

Now before the Court is the consolidated civil action initiated by Appellant Cindy Boudloche, Chapter 13 Standing Trustee for the Brownsville, Corpus Christi, and McAllen Divisions ("Corpus Christi Divisions") of the U.S. Bankruptcy Court, Southern District of Texas, arising out of an Order entered on May 6, 2016 by Chief U.S. Bankruptcy Judge David R. Jones ("Bankruptcy Court") in Bankruptcy Miscellaneous Case No. 15-00701.  Civil Action No. 16cv292 originated as Boudloche's interlocutory appeal of the May 6, 2016 Order, and Civil Action No. 16cv309 now consolidated into the first-filed cause consists of: (1) Boudloche's interlocutory appeal of three separate Orders of the Bankruptcy Court entered on May 25, 2016, in which that Court (a) denied Boudloche's Emergency Motion for Leave to File Interlocutory Appeal of the May 6, 2016 Order; (b) denied Boudloche's Emergency Request for Certification for Direct Appeal to the Fifth Circuit Court of Appeals of the May 6, 2016 Order; and (c) denied Boudloche's Emergency Motion for Stay of the May 6, 2016 Order Pending Appeal, except to the extent that the May 6, 2016 Order required Boudloche "to repay [to debtors] any amounts

wrongfully paid that are not recovered [from creditors] within 60 days";[1] (2) Boudloche's Petition for Writ of Mandamus filed on June 16, 2016, asking this Court to order the Bankruptcy Court to vacate its Orders on the Emergency Motions and grant the relief requested therein; and (3) Boudloche's Request for Certification for Direct Appeal to the Fifth Circuit Court of Appeals of the May 6, 2016 Order filed directly in this Court on June 28, 2016, and incorporating discussion of the Bankruptcy Court's Orders on the Emergency Motions. 16cv292 at (Dkt. No. 1); 16cv309 at (Dkt. Nos. 1, 2, 4).

Civil Action Nos. 16cv292 and 16cv309 were reassigned to this Court on August 3, 2016 and August 9, 2016, respectively, and the Court held its first status conference in both cases on September 19, 2016.  16cv292 at (Dkt. No 11, 09/19/2016 Minute Entry); 16cv309 at (Dkt. No. 9, 09/19/2016 Minute Entry).  In its order dated December 23, 2016, the Court consolidated the actions into the first-filed cause, and for the reasons stated at the status conference, ordered that the following be stayed pending further order of the Court: (1) the portion of the May 6, 2016 Order requiring the Chapter 13 Trustee to include in the Notice of Plan Completion language advising of the Trustee's failure to administer the Plan in accordance with its terms, and advising of the opportunity to assert a claim against the Trustee for such failure;[2] and (2) the briefing schedule set by the Notice of Docketing of Appeal in Civil Action No. 16cv309.  16cv292 at

---

[1]  This portion of the May 6, 2016 Order was "stayed pending further proceedings once the amount at issue is known." 16cv309 at (Dkt. No. 1, Exh. C).

[2]  The stayed language provides in full:

> In this case, the chapter 13 trustee failed to administer the debtor(s)' plan in accordance with its terms. This failure may have resulted in a distribution to unsecured creditors that is less than what would have been received had the chapter 13 trustee properly administered the plan in accordance with its terms. If you object to the granting of a discharge or wish to assert a claim against the chapter 13 trustee, you must file a written pleading in this bankruptcy case specifically setting forth your objection or claim within 21 days of the date of this notice or any such objection or claim is forever waived.

16cv292 at (Dkt. No. 1, Exh. A at p. 9).

(Dkt. No. 23); 16cv309 at (Dkt. No. 18).

Also at the status conference, the Court indicated its preference for appointing independent counsel to represent the interests served by the orders of the Bankruptcy Court challenged by Boudloche in this consolidated action.  16cv292 and 16cv309 at (09/19/2016 Minute Entry).  However, upon further review of the record on appeal, in light of the relevant law, the Court finds it appropriate to grant certification of the May 6, 2016 Order of the Bankruptcy Court for direct appeal to the Fifth Circuit, for the following reasons.

## II.     Certification for Direct Appeal to Court of Appeals

The statutory basis for Boudloche's request for certification is found in 28 U.S.C. § 158(d), which provides in relevant part as follows:

> [d](2)(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, *or* involves a matter of public importance;
>
> ...*or*
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.
>
> ….

28 U.S.C. § 158(d)(2)(A)(i), (iii) (emphasis added).  The "first sentence of subsection (a)," to which § 158(d)(2)(A) refers, "grants district courts jurisdiction over bankruptcy appeals from interlocutory orders or decrees if granted leave by the district court." *In re OCA, Inc.*, 552 F.3d

413, 418 (5th Cir. 2008) (citing *id.* § 158(a)(3)).[3]  "Since interlocutory orders are included in the first sentence of subsection (a)," the Fifth Circuit has determined that the statute gives the Court of Appeals jurisdiction to hear a direct appeal from an interlocutory order of the bankruptcy court if all of the other jurisdictional prerequisites of § 158(d)(2) are met. *Id.*

Through her Request for Certification for Direct Appeal to the Fifth Circuit filed in the Bankruptcy Court and denied, and re-filed here, Boudloche asserts that the following prerequisites for certification are met in the present case: (1) the May 6, 2016 Order "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, *or* involves a matter of public importance," 28 U.S.C. § 158(d)(2)(A)(i) (emphasis added); and/or (2) an immediate appeal from the May 6, 2016 Order "may materially advance the progress of the case or proceeding in which the appeal is taken," *id.* § 158(d)(2)(A)(iii).  16cv309 at (Dkt. No. 4; Dkt. No. 6-2 at pp. 419-26).

Although Boudloche has appealed the Bankruptcy Court's denial of her request for certification, the Court finds that such request is pending before this Court, and may be addressed directly. *See* FED. R. BANKR. P. 8006(b), (d); 16cv292 at (Dkt. No. 5); 16cv309 at (Dkt. No. 4).  Nonetheless, to the extent that this Court is required to review the denial, the Court also finds that the Bankruptcy Court erred in determining that no statutory factor requires certification.  *See*, *e.g.*, *In re ASARCO, L.L.C.*, 702 F.3d 250, 257 (5th Cir. 2012) (bankruptcy court's conclusions of law, and mixed questions of law and fact, reviewed de novo).

In its brief order denying Boudloche's request for certification, the Bankruptcy Court reasoned that the May 6, 2016 Order does not involve a question of law for which no controlling

---

[3] The Court finds that it may rule on Boudloche's request for certification without first addressing the Bankruptcy Court's denial of leave to appeal the interlocutory May 6, 2016 Order, since "[i]f leave to appeal an interlocutory order or decree is required under 28 U.S.C. § 158(a)(3), an authorization of a direct appeal by the court of appeals under 28 U.S.C. § 158(d)(2) satisfies the requirement." FED. R. BANKR. P. 8004(e).

decision exists, since "[t]he Court's order concerns the trustee's failure to follow confirmed chapter 13 plans and the implementation of a remedy to correct the harm," and "[t]he law governing trustees and fiduciaries is well-defined." 16cv309 at (Dkt. No. 6-2 at p. 452). However, this reasoning overgeneralizes the issues raised by the May 6, 2016 Order; the crux of Boudloche's opposition to the Order is that it subjects her to personal liability for administering Chapter 13 Plans "under the direct instructions, supervision and approval of a previous bankruptcy court" acting within that court's interpretation of the law, "without holding an evidentiary hearing and affording [her] due process to which she is entitled." *Id.* at (Dkt. No. 4 at p. 5; Dkt. No. 6-2 at p. 423); *see also* 16cv292 at (Dkt. No. 6). To this Court's knowledge, whether the previous bankruptcy court's policy for administering Chapter 13 Plans was legally permissible, and whether Boudloche's cooperation with that policy permitted the nature and scope of the remedy imposed by the Bankruptcy Court, in the manner in which it was imposed, are unique issues on which no controlling decision exists. Therefore, the Court agrees with Boudloche that the first criterion for certification in § 158(d)(2)(A)(i) is satisfied. Moreover, as Boudloche points out, the Bankruptcy Court's order denying certification did not address whether the May 6, 2016 Order involves a "matter of public importance," yet in a separate order denying Boudloche's motion for a stay pending appeal, in fact recognized "the public importance of addressing pending discharges due to debtors that have made the required number, albeit the wrong amount, of payments[.]" 16cv309 at (Dkt. No. 4 at pp. 3-4; Dkt. No. 6-2 at pp. 422, 453). In effect, the Bankruptcy Court admitted that the May 6, 2016 Order affecting the discharges of numerous Chapter 13 debtors in the Corpus Christi Divisions involves a "matter of public importance" warranting certification under § 158(d)(2)(A)(i), and the Court agrees.

      The Bankruptcy Court's order denying certification concluded that:

> [a]n immediate appeal to the Fifth Circuit will not materially advance the case. There is no stalemate. There are no strategic litigation trees (sic) that await a legal pronouncement. A remedy for the trustee's conduct is in place.

*Id.* at p. 452. However, this Court accepts Boudloche's argument that a direct appeal of the May 6, 2016 Order would in fact materially advance the progress of the underlying miscellaneous proceeding, as it would resolve the uncertainty surrounding pending discharges of affected Chapter 13 debtors with greater expediency and finality. *Id.* at (Dkt. No. 4 at p. 5; Dkt. No. 6-2 at p. 423). Therefore, certification is also appropriate under § 158(d)(2)(A)(iii).

### III. Conclusion

Having determined that the circumstances specified in 28 U.S.C. § 158(d)(2)(A)(i) and (iii) exist, the Court hereby **ORDERS** that Boudloche's appeal of the Bankruptcy Court's May 6, 2016 Order is certified for direct appeal to the Fifth Circuit. *See* 28 U.S.C. § 158(d)(2)(B) (certification mandatory if, on request of a party, district court "determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists").

All stays of the May 6, 2016 Order currently in effect shall continue pending authorization of direct appeal by the Fifth Circuit, and if authorization is granted, resolution of the appeal. *See id.* § 158(d)(2)(D).

In all other respects, this consolidated action is stayed pending appeal.

SO ORDERED this 20th day of January, 2017, at McAllen, Texas.

                                          _____
                                          Randy Crane
                                          United States District Judge